**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LAWRENCE ISGRIGG,<br>   Plaintiff,<br> vs.<br>NEW FOLSOM STATE PRISON<br>OFFICIALS, et al.,<br>   Defendant(s). | No. C 07-00165 JW (PR)<br>ORDER OF DISMISSAL<br><br>(Docket No. 3) |

  Plaintiff, an inmate at the Salinas Valley State Prison ("SVSP") in Soledad, California, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violation of due process when prison officials at New Folsom State Prison ("NSFP") and at SVSP placed him in the administrative segregation units ("ASU") at the respective prisons indefinitely pending transfer to Atascadero State Hospital without a hearing or notice to explain the delay. Plaintiff requests leave to proceed in forma pauperis. (Docket No. 3)

  A federal court must conduct a preliminary screening in any case in which a

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.07\Isgrigg00165_dismiss-exh.wpd

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement under § 1997e(a) is mandatory and not merely directory. Porter v. Nussle, 122 S. Ct. 983, 988 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, and whether they allege excessive force or some other wrong. Porter, 122 S. Ct. at 992.

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. See Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir.), cert. denied, 124 S. Ct 50 (2003). A concession to nonexhaustion is a valid ground for dismissal, provided no exception to exhaustion

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.07\Isgrigg00165_dismiss-exh.wpd       2

applies. Id. at 1120.  Here, plaintiff concedes in his complaint that he has not exhausted his administrative remedies at the time he filed the complaint, stating that "[his] 602 [a]ppeal is in Sacramento 3rd Level for Review." (Complaint at 2.) Section 1997e(a) requires that plaintiff present his claims to each level of administrative review set forth above, including the Director's level of review, **before** raising those claims in a § 1983 complaint in federal court.  As it is clear from the complaint that plaintiff has not completed all levels of administrative grievances available to him, and there is no applicable exception to the exhaustion requirement, dismissal without prejudice is appropriate.

Accordingly, this action is hereby DISMISSED, without prejudice to plaintiff's refiling his claim after all available administrative remedies have been exhausted.

In light of the dismissal, leave to proceed in forma pauperis is DENIED and no fee is due.  This order terminates Docket No. 3.

DATED:   June 11, 2007

JAMES WARE  
United States District Judge

Order of Dismissal  
P:\PRO-SE\SJ.JW\CR.07\Isgrigg00165_dismiss-exh.wpd       3